**SIGNED this 9th day of September, 2026**

Nicholas W. Whittenburg
**UNITED STATES BANKRUPTCY JUDGE**

---

**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| **Teresa Gail Baker** | ) | **No. 1:15-bk-10706-NWW** |
| | ) | **Chapter 7** |
| **Debtor** | ) | |

## M E M O R A N D U M

In this case, the court has scheduled an evidentiary hearing to be held on October 29, 2026, regarding a motion to compel the chapter 7 trustee to abandon property of the estate filed by Cynthia Nelms Mulkey; Marvin C. Nelms; Michael E. Nelms; Deborah N. Jones; Angela N. Marcus; Karen S. Nelms, individually and as Administratrix of the Estate of Jeffrey L. Nelms; Ronald S. Nelms; and Gwendolyn N. Lawson on November 26, 2025.

Before the court now is the trustee's motion for summary judgment on that motion to compel abandonment. ECF No. 278.

## I. Summary Judgment Standard

A party is entitled to summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Fed. R. Bankr. P. 7056. When deciding a motion for summary judgment, the court construes all reasonable inferences in favor of the nonmoving party. *Waeschle v. Dragovic*, 576 F.3d 539, 543 (6th Cir. 2009) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). When the evidence would permit a reasonable jury to return a verdict for the nonmoving party, a genuine issue of material fact exists, and the court must deny summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In the face of a summary judgment motion, the nonmoving party may not rest on its pleadings, but must come forward with some probative evidence to support its claim. *Celotex v. Catrett*, 477 U.S. 317, 325 (1986); *60 Ivy St. Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987) (holding that a nonmoving party must present "some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial"). According to Federal Rule of Civil Procedure 56(c)(1), "[a] party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . or . . . showing that the materials cited do not establish the absence . . . of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."

## II. Background

On February 20, 2015, Teresa Gail Baker filed a petition for relief under chapter 13 of the Bankruptcy Code. The day before a hearing on objections to confirmation of the debtor's proposed plan of reorganization, she converted the case voluntarily to one under chapter 7.

On April 30, 2015, a chapter 7 trustee was appointed. Although over eleven years have passed since then, this case remains open due to unusual circumstances in administering part of the bankruptcy estate.

The estate includes the debtor's one-twelfth interest in five unimproved real property lots located in DeKalb County, Georgia. Four of the five lots are contiguous, totaling 14.62 acres, with the fifth lot being separated from the others by a railroad. Only one of the four connected lots has access to a public road. The other three lots are landlocked.

Beginning in 1955, the debtor's grandfather leased land to DeKalb County for use as a landfill. The trustee contends that the entire landfill area consisting of approximately 11 acres is spread out over three of the four contiguous lots, including a portion of the lot that provides access to a road.

In 2016, the chapter 7 trustee commenced an adversary proceeding seeking authority under 11 U.S.C. § 363(h) to sell both the debtor's one-twelfth interest and also the co-owners' eleven-twelfths interest in the DeKalb County lots.
1:16-ap-01029-NWW, ECF No. 1. Eight years later (on January 15, 2024), the trustee filed a settlement motion in the bankruptcy case, seeking to approve a settlement

between the parties to that adversary proceeding that would allow the trustee to market for sale the four lots.

Following responsive pleadings and a hearing, the court approved the settlement agreement. ECF No. 189 (March 21, 2024 settlement order). That settlement order authorizes the trustee to market for sale the four connected lots free of the eleven-twelfths interest of the co-owners pursuant to 11 U.S.C. § 363(h). *Id.* at 7–8. The settlement order also states that "[t]he [t]rustee *shall* negotiate with the Georgia Department of Natural Resources, Environmental Protection Division, and/or DeKalb County, and/or any other governmental agency as he sees fit to resolve any issues (including, without limitation, subdivision, access and/or sale) regarding the landfill" located on the property. *Id.* at 8 (emphasis added).

Since 2016, the trustee has attempted to market and sell the properties he maintains are prime for development, absent the landfill. After years of speaking with developers and negotiating with DeKalb County, the trustee identified two ways to achieve a sale:

1) Either the county remediates the landfill portion of the properties, or
2) The county grants a subdivision variance that removes the landfill from the properties to be sold.

DeKalb County's subdivision regulations require that parcels must front eighty-five feet on a public road—something made impossible by a landfill blocking the only access to a road. Faced with delay and opposition to his two identified options, the trustee filed another adversary proceeding on March 16, 2026, pursuing an inverse condemnation claim against the county. 1:26-ap-1005-NWW, ECF No. 1. The com-

plaint alleges that the county's refusal to remediate the landfill coupled with its refusal to grant a subdivision variance amounts to a taking without just compensation because its actions and inactions have made it impossible to develop and market the debtor’s interest in the properties, the bankruptcy estate’s most valuable asset. In that pending adversary proceeding, the trustee seeks just compensation for DeKalb County's purported taking of the properties.

## III. Analysis

Against that backdrop of ongoing attempts to market the DeKalb County lots and the co-owners seeking abandonment of the properties, the trustee seeks to resolve the abandonment motion by way of summary judgment.

The trustee argues that the court's March 21, 2024 settlement order is final and unappealable and that the movant's abandonment motion is an impermissible collateral attack on that order. He also argues that *res judicata* should apply because the movants, as parties to the settlement order, could have raised in 2024 the issues now raised for abandonment, namely that the property is burdensome based upon how many years it has remained unadministered in the bankruptcy estate.

The movants disagree and assert that they are not trying to undo the settlement order but are instead focusing on the present condition of the bankruptcy estate and whether the trustee should now abandon the properties because of how burdensome they have become.

The movants' abandonment request is governed by section 554(b) of the Bankruptcy Code, which states that on request of an interested party, “the court may

order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate."

The first ORDERED paragraph of the March 21, 2024 settlement order "authorize[s the trustee] to market for sale, subject to appropriate notice and approval of the Court, the [DeKalb County lots], free of the interests of the co-owners pursuant to § 363(h) of the Bankruptcy Code." ECF No. 189 at 7. That order also states that the trustee "may market the [lots] as provided in this order and will sign contracts pertaining to [the lots] subject to Court approval." *Id.* at 8 para. 4. The order continues that the trustee must "notice the sale for any portion (or all) of the Property in Bankruptcy Court providing the opportunity to be heard by all parties in interest." *Id.* at 9 para. 4.

Nothing in that order determined that the DeKalb County lots should not be abandoned. Nowhere in the order did it find that the properties were not burdensome or of inconsequential value and benefit to the estate. Abandonment and section 554 are not referenced anytime in the twenty-one page settlement order.

That order was a memorialization of an agreement entered into between the trustee and the movants in 2017, which at the time was only two years after the bankruptcy case had been filed. Because the trustee ran into trouble marketing the properties, he simply did not seek court approval of the settlement until 2024. Had the settlement been approved by the court in 2017, that would not have changed the movants' primary argument for abandonment now, that the properties are burdensome for the trustee to administer to the point that he should abandon them from property of the estate.

While the settlement order predetermines a number of sale terms—such as requiring all parties to promptly comply with a sale order and declaring that all valid liens would be paid in full—it contemplates that any proposed sale will be subject to its own motion for the court to approve the sale, and it anticipates that parties in interest can oppose the sale. Quite simply, nothing in the settlement order precludes the movants from seeking relief that section 554 of the Bankruptcy Code allows them to request. The grounds for seeking abandonment (burdensome or inconsequential value and benefit to the estate) are distinct from the grounds to approve a sale. The trustee has obtained only the ability under section 363(h) to market the properties free and clear of the movants' eleven-twelfths interest.

This case is dual-tracking connected issues. In one track, the trustee is pursuing legal actions that he hopes will result in an ability to market the DeKalb County lots. If he is successfully able to market them, overcome any opposition to a sale, and then close a sale, he anticipates generating millions of dollars for the estate and the nondebtor co-owners of the properties, more than sufficient to pay creditors' claims in full, as well as all administrative expenses. He has not obtained approval of a sale yet, though. Despite eleven years' worth of effort and different tactics, all the trustee has obtained is authority to market the properties.

In the other track, the movants are pursuing abandonment of property they own with the debtor. They have communicated with the trustee for years. They entered into a settlement allowing the trustee to market their property free and clear of their interest. After a decade of the property not being sold, however, they have grown tired of waiting. As parties in interest, section 554(b) of the Bankruptcy Code affords them the

right to seek abandonment of their property on the grounds that it is too "burdensome" for the trustee to administer or it is "of inconsequential value and benefit to the estate." Whether either of those grounds exist was not litigated and determined by the settlement approved by this court.

Unquestionably, the movants could have sought abandonment of the properties before entering into the settlement allowing the trustee to market the properties. They also could have sought abandonment when opposing the court's approval of the settlement. They did neither. However, neither collateral estoppel nor res judicata principles preclude them from seeking such relief now. To apply those principles as broadly as the trustee suggests would mean that the trustee could potentially hold the properties hostage forever, even if he is unsuccessful in the prosecution of his inverse condemnation proceeding against DeKalb County and the liquidation of the properties is determined to be impossible. Neither the Bankruptcy Code nor the settlement agreement afford the trustee such unlimited authority or discretion.

In sum, both the trustee and the movants are pursuing competing paths relative to the properties. The trustee is seeking to "collect and reduce to money the property of the estate" as prescribed by 11 U.S.C. § 704(a)(1). The movants want the property of the estate abandoned pursuant to 11 U.S.C. § 554(b). One of those two outcomes will happen. Which one, though, is not yet clear. What is probable is that which outcome occurs will be determined by the resolution of the inverse condemnation proceeding pending against DeKalb County, Georgia. All that is clear today is that genuine issues of material fact remain regarding whether the properties are "burdensome" or are "of inconsequential value and benefit to the estate."

## IV. Conclusion

For the reasons stated in this opinion, the court will deny the trustee's motion for summary judgment. By separate order, the court will enter a ruling consistent with this memorandum opinion.

# # #